UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HOLLIE GRAMLING,<br><br>Defendant. | 4:15-CR-40100-03-KES<br><br>ORDER DISMISSING<br>MOTION FOR HARDSHIP CREDIT |

Defendant, Hollie Gramling, was sentenced on June 12, 2017, to 108 months' imprisonment for conspiracy to distribute a controlled substance, which sentence was ordered to run concurrent to a sentence imposed in case CR 15-29 in First Judicial Circuit Court, Hutchinson County, South Dakota Docket 155.

On August 16, 2021, Gramling filed a form "motion for hardship credit for hard time served," stating that she had been in "lock-down status" for an estimated 375 days in FCI Aliceville in Aliceville, Alabama. Docket 168 at 2. Gramling contends that she should receive two days credit for each day served due to the harsh conditions of confinement at FCI Aliceville since the beginning of the COVID 19 pandemic. *Id.* at 2, 4-5. She contends that the protections under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution warrant the relief requested. *Id.* at 2. A review of the Bureau of

Prisons records, however, indicates that Gramling is actually serving her sentence at Waseca Federal Correctional Institution in Waseca, Minnesota. Fed. Bureau of Prisons, Find an inmate, https://www.bop.gov/inmateloc/ (last visited Sept. 23, 2021).

The form motion used by the defendant in this case is apparently being used by several inmates at FCI Aliceville. *See United States v. Bobtail Bear*, 2021 WL 1925488, at *1-2 (D.S.D. May 13, 2021); *United States v. Mitchell*, 2021 WL 1827202, at *1 (E.D. Mich. May 7, 2021); *United States v. Razo*, 2021 WL 1750853, at *1 (D. Kan. May 4, 2021); *United States v. Ramirez*, 2021 WL 1736872, at *1 (D. Kan. May 3, 2021); *United States v. Brown*, 2021 WL 1725545, at *1 (E.D. Tenn. Apr. 30, 2021); *United States v. Boyce,* 2021 WL 1726296, at *1 (E.D. Tenn. Apr. 30, 2021); *United States v. Hernandez*, 2021 WL 1668050, at *1 (W.D.N.C. Apr. 28, 2021); *United States v. King.* 2021 WL 1550307, at *1 (S.D. Tex. Apr. 19, 2021); *Villagran v. United States*, 2020 WL 3022494, at *1 (N.D. Ala. May 13, 2020), report and recommendation adopted, 2020 WL 3000964 (N.D. Ala. June 4, 2020).

Generally, once the district court imposes a sentence, it has no jurisdiction to revisit the term of imprisonment imposed. *See Fegans v. United States*, 506 F.3d 1101, 1104 (8th Cir. 2007) ("the Sentencing Reform Act of 1984 dramatically curtails a district judge's power to revise a sentence after its imposition"). Under 18 U.S.C. § 3582(c), the district court may not modify a sentence unless the compassionate release provisions of § 3582(c)(l)(A) apply, Federal Rule of Criminal Procedure 35 authorizes a modification, or the

2

Sentencing Commission lowers the range applicable to the defendant's offense under § 3582(c)(2). The district court may also modify a sentence if directed to do so by the Court of Appeals. 28 U.S.C. § 2106. Finally, the district court may vacate a federal sentence and resentence a defendant under 28 U.S.C. § 2255 if the sentence was imposed in violation of federal constitutional or statutory law. Gramling has not identified a basis for this court's jurisdiction to revisit her sentence.

"After a district court sentences a federal offender, the Attorney General, through the [Bureau of Prisons], has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 362l(a)) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed."). The BOP calculates inmate sentences pursuant to the Sentence Computation Manual, Program Statement 5880.28. The court is not aware of any federal statute or regulation that would allow a prisoner to receive two days credit for each day served on a sentence due to the conditions of confinement.

Any challenge to the execution of Gramling's sentence should be brought under 18 U.S.C. § 2241 in the district where she is incarcerated, the District of Minnesota. *Deroo v. United States*, 709 F.3d 1242, 1245 (8th Cir. 2013), *Bell v. United States*, 48 F.3d 1042, 1043 (8th Cir. 1995). A defendant may bring a habeas action challenging the BOP's execution of her sentence only if she exhausts her administrative remedies by first presenting her claim to the

BOP. *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009). Any claim that the conditions of confinement at FCI Waseca violate defendant's federal constitutional rights must be brought in a separate civil action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *Buford v. Runyon*, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998) ("A *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights."). *See also Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990) ("An action under *Bivens* is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials.").

Gramling's motion for double credit for each day served in a BOP facility is not cognizable in her federal criminal case.

Thus, it is

ORDERED that defendant's motion (Docket 168) for hardship credit for hard time served is denied.

DATED this 23th day of September, 2021.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

4